UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X   Index 16-CV-2957

VERA IFUDU,

                Plaintiff,                      FIRST AMENDED
                                                                COMPLAINT
    -against-                             AND DEMAND FOR
                                                                A JURY TRIAL

THE CITY OF NEW YORK, N.Y.C.
POLICE OFFICER KEVIN PUGLIESE,
CHASIDY GENAO, ZHAN REN,
AND SGT NATHAN MOLE, EACH
SUED INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY,

                Defendants.

--------------------------------------------------------X

    1.    This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States for excessive force, deliberate indifference based upon the improper hiring and/or retention of incompetent, unqualified, unfit and assaultive employees, and the state law causes of action for false arrest, malicious prosecution, assault, battery, abuse of process, negligent/intentional infliction of emotional distress, and invasion of privacy.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiff is a resident of New York City, Queens County, State of New York.

4. At all times hereinafter mentioned, the Defendant New York City Police Officers were employees of the defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as New York City Police Officers.

5. At all times, the defendant New York City owned and maintained the New York City Police Department ("NYPD") and employed the individual defendants sued herein.

6. That upon information and belief NYPD was responsible for the training of its officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8. That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

## FACTS

9. On or about July 31, 2015, at approximately 9:00 P.M., Plaintiff was at 145-10 106th Avenue, Jamaica, New York, a residence owned by Ms. Ifudu.

10. At that time, Plaintiff got into a verbal dispute with a man who was renting the cellar for storage, and the police were called.

11. Upon the police arrival, the officers threatened to arrest plaintiff.

12. Plaintiff felt unwell, and called 911 because her blood pressure was up, her heart was racing, and she thought she might be sick.

13. At that point, the officers unlawfully seized Plaintiff, although she was legally in the building at the time, and had committed no crime.

12. The officers used unreasonable force in taking Plaintiff to the ground, and the

officer unnecessarily and forcefully put his boot on her chest. Then, they turned her around and the officer put his boot on the back of her neck when they handcuffed her.

13. During this forcible seizure, Plaintiff possessed her handbag, which was on a strap over her shoulder. It contained very important, confidential information, including her New York State Identification card, Department of Education Identification card, various credit cards, banking records, as well as blank checks and photocopies of signed checks.

14. The officers then grabbed plaintiff's bag, but the bag was also handcuffed.

15. The officers uncuffed plaintiff and tried to take the bag from her, but she did not want to give it up. It contained her medical information, so she did not want to give it up.

16. The officer said, "Where you are going, you don't need your bag". This further frightened plaintiff, who thought they were taking her to jail.

17. Then, the officer ripped the bag out of her hands, and a metal ring on the bag caught on Plaintiff's finger, evulsing her fingertip. This caused her severe pain and bleeding, which required stitches to close.

18. Plaintiff was placed into handcuffs, and taken to Jamaica Hospital in an ambulance, while still in the custody of the police.

19, In the police van, plaintiff asked for her bag and she was told they did not have it.

20. At the hospital, plaintiff was cuffed for approximately ½ hour. Plaintiff repeatedly asked for her bag, but they stated they did not have it. The female officer said your bag is in your house.

21. Plaintiff called Internal Affairs, who spoke with plaintiff at the hospital, and then went to the location of the incident, and could not find her bag. They did see the man who rented the cellar at that location.

22. No criminal charges were levied against Plaintiff.

23. As a result of the reckless/negligent conduct of the police in failing to safeguard her handbag, Plaintiff lost her diary and other valuable, irreplaceable items.

24. The diary contained entries of an extremely sensitive, private, and confidential

nature, including security information related to her bank accounts, her social security number, and her handwritten, notarized will.

25. Over the next couple of weeks, it came to Plaintiff's attention that somebody had cashed some checks that had been in her handbag. Later, the bank compensated her for the loss.

26. The incident of July 31, 2015 has caused Plaintiff incalculable harm, both to her physical and mental well-being, as well as severe economic harm.

25. Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent officers from their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to use unlawful physical force, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

26. Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of the individual defendants was occurring, in that there may have been reports of such unlawful conduct by this specific officer, but failed to take appropriate steps to eliminate such unlawful acts.

27. Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

28. On September 1, 2015, a Notice of Claim was served upon the Defendant New York City, setting forth:

    1. The name and post office address of the Claimant and his attorney;

    2. The nature of the claim;

   3.  The time when, the place where, and the manner in which the claim arose;

   4.  The items of damages and injuries sustained so far as practicable.

 29. The Notice of Claim was served upon the Defendants within 90 days after Plaintiffs' several causes of action accrued.

 30. More than thirty days have elapsed since the Notices of Claims were served upon the City of New York.

 31. New York City and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

 32. Plaintiff has made herself available to testify at an inquiry concerning the justness of her claims as provided by § 50-H of the General Municipal Law.

 33. This action has been commenced within one year and 90 days after Plaintiff's various cause of action have accrued.

 34. Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

**AS AND FOR A FIRST<br>
<u>CAUSE OF ACTION FOR FALSE ARREST</u><br>
(42 U.S.C. §1983)**

 35. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

 36. As a result of their actions, Defendants, under "Color of law", deprived Plaintiff of his right to freedom from deprivation of his liberty in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

 37. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

 38. As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

## SECOND CAUSE OF ACTION FOR EXCESSIVE FORCE
### (42 U.S.C. §1983)

39.     Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

40.     As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

41.  Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

42.     These Defendant officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

43.  As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid.  All Defendants are liable for said damage and injuries.

## THIRD CAUSE OF ACTION FOR
## FOR VIOLATION OF CIVIL RIGHTS
### (Monell Violation)

44.     Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

45.     Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution

of the United States and 42 U.S.C. 1983.

46. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION: VIOLATION OF STATE LAW: FALSE ARREST

47. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

48. Plaintiff while lawfully in Queens, New York, was seized and falsely arrested and imprisoned without just cause, provocation, probable cause, or any valid reason, by agents, servants and/or employees.

49. These Defendant were employed by the Defendants City, and was acting within the scope of their employment, "under color of law", and on behalf of their employers, Defendant City.

50. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR ABUSE OF PROCESS

51. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

52. In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendant officer, acting within the scope of his employment, "under color of law", and on behalf of his employer, committed abuse of process when they placed Plaintiff into custody and

took her to the hospital for a purported mental health evaluation, although there was clearly no basis to detain her whatsoever.

53. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid. All Defendants are liable for said damages.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR ASSAULT AND BATTERY
(INTENTIONAL, RECKLESS AND /OR NEGLIGENT)

54. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

55. Plaintiff while lawfully in Queens, New York, was caused to suffer extreme physical injury due to the physical contact that the defendants inflicted upon plaintiff, including but not limited to the ripping her handbag off her shoulder causing the metal ring of the strap to evulse her finger, which required stitches to repair.

56. Said assault and battery was done either intentionally, recklessly or negligently and the injury occurred through no fault of plaintiff herself.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

58. Plaintiff while lawfully in Queens, New York, was caused to suffer extreme emotional distress due to the negligent and/or intentional (reckless) infliction of emotional distress caused by these police officers, involving both the detention, the use of force, and the failure to safeguard Plaintiff's handbag.

59. These Defendant were employed by the Defendants City, and was acting within the scope of their employment, "under color of law", and on behalf of their employer, Defendant

City of New York and the N.Y.P.D.

60. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

### AS AND FOR A SEVENTH CAUSE OF ACTION: INVASION OF PRIVACY

61. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

62. Plaintiff while lawfully in Queens, New York, was caused to suffer extreme emotional distress due to the invasion of privacy by the defendant police officers, as well as their role in providing an opportunity for others to access Plaintiff's handbag and access its contents.

63. These Defendant were employed by the Defendants City, and was acting within the scope of their employment, "under color of law", and on behalf of their employer, Defendant City of New York and the N.Y.P.D.

64. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 USC Sec. 1983 and 42 USC Sec. 1985, and violated Plaintiff's rights under State law; and,

2. Enter a judgment, jointly and severally, against defendant officers for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendant officers for punitive damages in the amount of Three Million ($3,000,000.00) Dollars; and,

4. Enter an Order:

      a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

      b) Granting such other and further relief which to the Court seems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       January 5, 2017

**RESPECTFULLY,**

/s/

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
325 Broadway, Suite 505
New York, New York 10007
(212) 941-8330
(SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
       June 8, 2016

                                          _____/s/_____
                                          STEVEN A. HOFFNER, Esq.
                                          (SH-0585)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

ALFRED RUIZ, JR.,

                        Plaintiff,           VERIFIED
                                             COMPLAINT
    -against-                      AND DEMAND FOR
                                             <u>A JURY TRIAL</u>

THE CITY OF NEW YORK, N.Y.C.
POLICE OFFICER RANDY ROSE,
SHIELD # 13886, AND N.Y.C. POLICE
OFFICER CONSTANT CHARIDEMOU,
SHIELD # 27883, EACH SUED
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY,

                        Defendants.

--------------------------------------------------X

Steven Hoffner, Esq.
325 Broadway, Suite 505
New York, New York 10007